IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| EDMOND K. MACHIE | * | |
| | * | |
| Plaintiff | * | |
| | * | |
| v. | * | Case No. 8:08-CV-3321 |
| | * | |
| NANCY DEMME | * | |
| | * | |
| Defendant | * | |

## MEMORANDUM OF GROUNDS AND AUTHORITIES IN SUPPORT OF DEFENDANT'S MOTION FOR SUMMARY JUDGMENT OR, IN THE ALTERNATIVE, MOTION TO CONSOLIDATE

Defendant Nancy Demme, by and through her undersigned attorneys, hereby submits her memorandum of grounds and authorities in support of their Motion for Summary Judgment or, in the Alternative, Motion to Consolidate.

### I.      STATEMENT OF THE CASE

On September 29, 2008, Plaintiff filed a Complaint against Nancy Demme in the United States District Court for the District of Columbia alleging discrimination. *See Complaint.* On December 8, 2008, the case was transferred to this Court.

### II.     STATEMENT OF FACTS

Plaintiff's Complaint states in its entirety:

I. In December 2007, I was hired into the position of Police Intern. I was subjected to unfair treatment because of my race, Black and national origin, Cameroon, with respect to the terms and conditions of employment and discharge. On January 12, 2008, I was arrested and falsely charged with conspiracy with resulted in my dismissal.

II. On January 12, 2008, this employer informed me that I was discharged because I went to the home of women from Cameroon and they charged me with theft of over $500.00.

III. I believe that I have been discriminated against in violation of Title VII of the Civil Rights Act of 1964, as amended, because of my race, Black, and national origin, Cameroon, with respect to the terms and conditions of employment and discharge.

I'm requesting from this court a judgment against Defendant for $35,000,000 Thirty Five Million Dollar. *See, Plaintiff's Complaint.*

In the Complaint, Plaintiff named Nancy Demme as the only defendant. He did not name Montgomery County as a defendant in this case. Plaintiff did file a Charge of Discrimination, however, he did not name Nancy Demme on the charge nor did he name Montgomery County. *See, Plaintiff's Charge of Discrimination,* attached hereto as Exhibit no. 1.

On July 7, 2009 Plaintiff filed another Complaint against Nancy Demme, among other Defendants, in the United States District Court for the District of Columbia claiming illegal arrest, subjection to unfair treatment because of race and national origin, Cameroon, **with respect to the terms and conditions of employment and discharge.** *Plaintiff's Complaint, paragraph 1, Case no.1:09-cv-01359,* (emphasis added), attached hereto as Exhibit no. 2. Plaintiff also made claims of slander/libel and torture. *Id.* On July 16, 2009, the case was transferred to this Court and was assigned civil action no. AW-09-2196.

As such, Plaintiff's claims against Ms. Demme should be dismissed as case law does not permit her being named as a party in this matter. Further, as Plaintiff's Complaint lacks appropriate specificity, it should be dismissed in its entirety. In the alternative, should judgment not be rendered in favor of Defendant, Defendant requests that this case be consolidated with civil action no. AW-09-2196.

### III. STANDARD OF REVIEW

Summary judgment should be granted if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that upon such showing, the moving party is entitled to

judgment as a matter of law. Fed. R. Civ. P. 56(c). This provision has been described as "an integral part" of the Federal Rules which is "designed 'to secure the just, speedy and inexpensive determination of every action.'" *Celotex Corp. v. Catrett*, 477 U.S. 317, 327, 106 S. Ct. 2548, 2555 (1986). As such it "must be construed with due regard . . . for the rights of persons opposing . . . claims . . . to demonstrate in the manner provided by the Rule, prior to trial, that the claims . . . have no factual basis." *Id.* The moving party has the "initial responsibility of informing the district court of the basis for its motion" and then identifying those portions of the record "which it believes demonstrate the absence of a genuine issue of material fact." *Id.* at 323. The burden then shifts to the non-moving party to "set forth specific facts showing that there is a genuine issue for trial." Fed. R. Civ. P. 56(e).

The non-movant cannot rest upon unsupported allegations in his pleadings or elsewhere, but must show "significant probative evidence" to support those allegations. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249, 106 S. Ct. 2505, 91 L. Ed. 2d 202 (1986). Moreover, a "'mere scintilla of evidence is not enough to create a fact issue; there must be evidence on which a jury might rely.'" *Barwick v. Celotex Corp.*, 736 F.2d 946, 958-59 (4th Cir. 1984). This Court has held that "a party cannot create a genuine dispute of material fact through mere speculation or compilation of inferences." *Shin v. Shalala*, 166 F. Supp. 2d 373, 375 (D. Md. 2001) (citations omitted). "Indeed, this Court has an affirmative obligation to prevent factually unsupported claims and defenses from going to trial." *Jhaveri v. Comptroller of the Treasury of Md.*, 2006 U.S. Dist. LEXIS 59070, at *13 (D. Md. Aug. 7, 2006); *Dewitt v. Pratt*, 999 F.2d 774, 778-79 (4th Cir. 1993); *Felty v. Graves-Humphreys Co.*, 818 F.2d 1126, 1128 (4th Cir. 1987).

The federal courts in Maryland and the Fourth Circuit often grant summary judgments in employment cases. *See Baltimore Gas & Elec. Co.*, 77 F.3d 745 (4th Cir. 1996); *Hopkins v. Boone*

3

*v. Goldin*, 178 F.3d 253 (4th Cir. 1999); *Edmonson v. Potter*, 118 Fed. Appx. 726 (4th Cir. 2004); *Herring v. Thompson*, 2003 U.S. Dist. LEXIS 25552 (D. Md. 2003*), aff'd Herring v. Thompson*, 101 Fed. Appx. 412, 2004 U.S. App. LEXIS 13249 (4th Cir. 2004); *Greene v. A. Duie Pyle*, Inc., 371 F. Supp. 2d 759 (D. Md. 2005), *aff'd, Greene v. A. Duie Pyle*, Inc., 2006 U.S. App. LEXIS 6873 (4th Cir. 2006); *Simmons v. Shalala*, 946 F. Supp. 415 (D. Md. 1996); *Cottman v. Rubin*, 2001 U.S. Dist. LEXIS 3238 (D. Md. 2001); *Skipper v. Giant Food, Inc.*, 187 F. Supp. 2d 490 (D. Md. 2002).

For the reasons that follow, Defendant Nancy Demme is entitled to summary judgment as a matter of law.

## IV. ARGUMENT

### A. DEFENDANT IS ENTITLED TO JUDGMENT IN THIS MATTER AS SHE IS NOT AN EMPLOYER UNDER TITLE VII.

Courts in various circuits have routinely held that managers and supervisors may not be found personally liable for unlawful harassment, as well as for other types of discrimination.[1] The Fourth Circuit likewise has adopted this approach. *Lissau v. Southern Food Service, Inc.*, 159 F.3d 177, 180 (4th Cir. 1998) ("An analysis of Title VII's language and its remedial scheme leads us to join the other circuit courts and conclude that supervisors are not liable in their individual capacities for Title VII violations.") The court's ruling in *Lissau* is based on the fact that Title VII and its remedies are directed at the *employer*, not any individual employee. *Id.* at 181. *See also, Mikkelsen v. DeWitt*, 141 Fed. Appx. 88, 91 (4th Cir. 2005) ("employees are not liable in their individual capacities for Title VII violations"); *Shields v. Fed. Express Corp.*, 120 Fed. Appx. 956,

---

[1] *Wathen v. General Elec. Co.*, 115 F.3d 400, 405 (6th Cir. 1997); *Williams v. Banning*, 72 F.3d 552, 555 (7th Cir. 1995); *Tomka v. Seiler Corp.*, 66 F.3d 1295, 1313 (2d Cir. 1995); *Gary v. Long*, 59 F.3d 1391, 1399 (D.C. Cir. 1995); *Grant v. Lone Star Co.*, 21 F.3d 649, 652 (5th Cir. 1994); *Sauers v. Salt Lake County*, 1 F.3d 1122, 1125 (10th Cir. 1993); *Miller v. Maxwell's Int'l*, 991 F.2d 583, 587 (9th Cir. 1993).

4

960 (4th Cir. 2005) (individual dismissed from case as improper defendant); *Hoffman v. Balt. Police Dep't*, 379 F. Supp. 2d 778, 790 (D. Md. 2005) (in the Fourth Circuit, supervisors are not liable in their individual capacities for Title VII violations); *McNeal v. Montgomery Co., MD*, 2009 U.S. App. LEXIS 951, 959 (2009).

Additionally, Nancy Demme should be dismissed from all claims as Plaintiff failed to name her as an employer in his Charge of Discrimination, naming only Montgomery County Department of Police. Ex. 1. Montgomery County Department of Police is not a named Defendant in this matter. *See Rich v. Westland Printers,* 1993 U.S. Dist. LEXIS 8526, 62 Fair Empl. Prac. Cas. (BNA) 379 (D. Md. 1993.)

Applying these principles to the present case, the claims brought against Defendant Nancy Demme under Title VII must be dismissed.

### B. DEFENDANT IS ENTITLED TO JUDGMENT IN HER FAVOR AS TO ALL OF PLAINTIFF'S CLAIMS AS THE COMPLAINT FAILS TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED.

Federal Rule 8(a)(2) provides that an original claim "shall contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Further, Rule 10(b) provides that:

> [a]ll averments of claim . . . shall be made in numbered paragraphs, the contents of each of which shall be limited as far as practicable to a statement of a single set of circumstances . . . . Each claim founded upon a separate transaction or occurrence . . . shall be stated in a separate count . . . whenever a separation facilitates the clear presentation of the matters set forth.

The pleading requirements are based upon the premise that Plaintiffs have to give Defendants "fair notice" of what the claim is and the grounds upon which it rests, but Rule 8(a)(2)'s "simplified" and "liberal" pleading requirement "has its limits." *Dura Pharmaceuticals,*

*Inc. v. Broudo,* 544 U.S. 336 (2005) (pleading did not meet Rule 8(a)(2)'s liberal requirement); 2 Moore's *Federal Practice* § 12.34(1)(b) at 12-61 (3rd ed. 2003). When a Complaint is (1) dense and verbose; (2) contains so many factual averments of such specificity that it is impossible to determine which facts support, or are even relevant to, which claims; and (3) contains repetitious factual allegations, it is properly dismissed for violating Rule 8(a)(2). *See, e.g., Gonzales v. Wing,* 167 F.R.D. 352 (N.D.N.Y. 1996), *aff'd,* 113 F.3d 1229 (2nd Cir. 1997) (unpublished table opinion). "[U]nnecessary prolixity in a pleading places an unjustified burden on the court and the party who must respond to it because they are forced to select the relevant material from a mass of verbiage." *Politico v. Promus Hotels, Inc.,* 184 F.R.D. 232, 233 (E.D.N.Y. 1999) (quoting from 5 Wright & Miller, Federal Practice and Procedure, § 1281 (1990).

Similarly, a complaint that does not contain separate, numbered paragraphs, or separate counts that are clear and limited to a single set of circumstances, is properly dismissed for violating Rule 10(b). *Gonzales v. Wing,* 167 F.R.D. 352 (N.D.N.Y. 1996). As such, dismissal is appropriate when a complaint is so confused, ambiguous, vague, or otherwise unintelligible that its true substance, if any, is well disguised.

Further, under Fed. R. Civ. P. 12(b)(6), a court may dismiss a complaint when the allegations of fact do not properly state a claim on which relief can be granted. "Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Bell Atlantic Corp. v. Twombly,* 127 S. Ct. 1955, 1965 (2007) (citations omitted). Further, the "plaintiff's obligation to provide the 'grounds' of his 'entitl[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* at 1964-65.[2]

---

[2] *See also Victors v. Kronmiller,* 553 F. Supp. 2d 533, 541 n.3 (D. Md. 2008) (noting that prior to *Twombly,* the standard for granting 12(b)(6) dismissals for failure to state a claim was where "it appears beyond doubt that the

6

The Complaint in this case does not contain a short and plain statement of facts supporting any of the claims identified. Instead, the Complaint simply contains three numbered statements without sufficient factual support to make out a short and plain statement of claim. Moreover, rather than containing factual allegations, the Complaint contains impermissible legal conclusions and formulaic recitations, which are not supported by a definite statement of facts sufficient to raise a right to relief. *Id.*

When Plaintiff does allege facts, they are minimal statements, fraught with legal conclusions. For example, Paragraph. I of the Complaint simply states that Plaintiff was hired as a Police Intern, was treated unfairly because of his race, Black and national origin, Cameroon regarding his employment and was arrested and falsely charged with conspiracy which resulted in his dismissal. Plaintiff fails to state any additional facts to support these allegations. Paragraph II only states that Plaintiff's employer told him he was discharged because he went to the home of women from Cameroon and was charged with theft over $500.00. It is absolutely unclear what cause of action is being supported by these facts. Further, in Paragraph III, Plaintiff claims he was discriminated against in violation of Title VII because of his race and national origin. Not only are these allegations not set out in separate counts, as the Federal rules require, there is absolutely no clear factual support for these allegations. Nowhere in the Complaint does Plaintiff allege factual information to support that any alleged discrimination he may have suffered was due to his race or national origin.

Therefore, pursuant to the Federal Rules, and Plaintiff's failure to adhere to them, Plaintiff's Complaint should be dismissed in its entirety.

---

plaintiff can prove no set of facts in support of his claim which would entitle him to relief").

### C. IN THE ALTERNATIVE, DEFENDANT MOVES TO HAVE THIS CASE CONSOLIDATED WITH CASE NO. AW-09-2196.

Pursuant to Federal Rule 42(a), "If actions before the court involve a common question of law or fact, the court may: (1) join for hearing or trial any or all matters at issue in the actions; (2) consolidate the actions; or (3) issue any other orders to avoid unnecessary cost or delay. Fed. R. Civ. Proc. 42 (a)(1-3). In this case Plaintiff filed an action against Nancy Demme alleging discrimination through his employment. In Plaintiff's most recent complaint, he again names Nancy Demme as a Defendant, and bases his Complaint on activities that occurred during his time of employment with the Montgomery County Police Department, noting specifically "I was subjected to unfair treatment because of my racer, Black, and national origin, Cameroon, with respect to the terms and conditions of employment and discharge." Ex. 2, para. I. As both Complaints allege actions against Nancy Demme at the same timeframe and due to Plaintiff's employment, Defendant requests that should summary judgment not be granted as to Defendant, the cases be consolidated to avoid unnecessary cost or delay.

### V. CONCLUSION

Plaintiff's claims against Defendant must be dismissed in their entirety as Defendant Demme is not a proper Defendant in this case. Additionally, Plaintiff has failed to assert a claim for which relief can be granted. Alternatively, Defendant requests that this case be consolidated with Plaintiff's subsequent case should summary judgment not be granted in favor of Defendant. Therefore, based on the foregoing, Defendant Nancy Demme requests that judgment be entered in her favor and against Plaintiff on all counts of the Complaint, or, in the alternative, Defendant requests that this case be consolidated with Civil no. AW-09-2196 should summary judgment not be granted in her favor, and grant such other relief as this Court deems appropriate.

                          LEON RODRIGUEZ
                          COUNTY ATTORNEY

Respectfully submitted,


_____/s/_____
Patricia P. Via, Chief
(signed by Heather A. Mulloy with permission
of Patricia P. Via)
Division of Litigation
Federal Bar No. 04829


_____/s/_____
Heather A. Mulloy
Associate County Attorney
Federal Bar No. 13952
101 Monroe Street, Third Floor
Rockville, Maryland 20850
(240) 777-6700
Attorney for Defendants

Filed: December 7, 2009